UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH NAGY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OUTBACK STEAKHOUSE, et al. <br><br> Defendants. | Civil Action No. 19-18277 (RK) (DEA) <br><br> **MEMORANDUM OPINION & ORDER** |

**THIS MATTER** comes before the Court upon the parties' Motions in Limine filed in advance of the jury trial scheduled in this matter for March 25, 2024. (ECF Nos. 90, 92, 93, 94, 95, 96, 98.) For the reasons set forth on the record at the pretrial conference held on March 12, 2024, and by agreement of the parties, the parties' motions are **GRANTED** in part and **DENIED** in part as follows.

I.  **DISCUSSION**

   A.  **MOTIONS IN LIMINE REGARDING COLLATERAL SOURCE BENEFITS**

Plaintiffs' medical expert, Dr, Bellapianta, opined that Plaintiff Deborah Nagy ("Plaintiff") will, in the future, require an additional surgical procedure related to her hip; Dr. Bellapianta also opined on the reasonable and customary rate for the procedure. Defendant Outback ("Defendant") filed a Motion to Preclude Dr. Bellapianta's Opinion Regarding Future Medical Costs. (ECF No. 90.) Conversely, Plaintiff Deborah Nagy ("Plaintiff") filed a Motion to Bar Defendant from Referencing Any Collateral Source Benefits. (ECF No. 98.) The parties' motions pertain to (1) whether the relevant cost for the potential future procedure is the Medicare rate and (2) whether the jury should learn that Plaintiff is entitled to Medicare benefits. The parties have agreed to

confer and to submit a stipulation that will be read by the Court as to the Medicare rate for the future procedure. Neither party will make any reference to Medicare entitlement or any other insurance benefits at trial.

### B.   MOTIONS IN LIMINE REGARDING PRIOR SPILLS OR FALLS

There are three (3) Motions in Limine that pertain to the existence, or lack thereof, of prior falls, spills, or conditions at the Green Brook Outback location at issue in this case. Defendant filed a Motion to Preclude Evidence and Testimony Regarding Other Spills or Conditions and a Motion to Preclude Evidence and Testimony Regarding Other Falls or Incidents. (ECF Nos. 93, 94.) Plaintiff filed a Motion to Preclude Defendant from Referencing that It Did Not Receive Prior Complaints About the Condition of the Floor or that No Other Individuals Slipped and Fell in the Location Prior to Plaintiff. (ECF No. 95.) Neither party will introduce evidence as to the *existence* of prior falls *or* as to the *lack* of prior falls. However, if Outback "opens the door" by offering evidence or testimony as to the lack of prior falls, the Court will permit Plaintiff to offer rebuttal evidence. In addition, as the Court discussed with the parties at the pretrial conference, both Plaintiff and Defendant are authorized to elicit testimony regarding the fact that, in a restaurant with numerous servers, it is likely that spills of food and drink may have occurred, and that Defendant had practices and procedures in place for dealing with same.

### C.   MOTION IN LIMINE REGARDING SCOTT MOORE

Plaintiff filed a Motion to Permit Plaintiff's Liability Expert, Scott Moore, P.E., to Testify Regarding the Inherent Slipperiness of the Floor at Issue and the Industry Standards Governing the Use of Mats in Commercial Establishments. (ECF No. 96.) As discussed at the pretrial conference, Plaintiff has withdrawn this Motion.

    **D.**    **MOTION IN LIMINE REGARDING SPOLIATION DECISION**

On February 21, 2024, the Honorable Douglas E. Arpert, U.S.M.J., ruled: "Plaintiffs shall be entitled to an adverse inference jury instruction. The jury may be instructed that Outback intentionally failed to preserve the disputed video evidence and that the jury may presume that the lost video footage was unfavorable to Outback." (ECF No. 89 at 15.) Plaintiff filed a Motion to Bar Defendant from Making Any Reference Indicating or Inferring that Its Spoliation Was Accidental and to Bar Defendant from Making Any Reference to Any Actions Taken During the Time Period Associated with the Spoliated Surveillance Footage. (ECF No. 92.) The parties have agreed to confer and to submit a stipulation that will be read by the Court as to the adverse inference to which Plaintiff is entitled. Plaintiff may treat defense witness, Ryan Shannon, as an adverse witness consistent with Federal Rule of Evidence 611(c)(2) and may lead this witness for the limited purpose of eliciting circumscribed testimony as discussed at the pretrial conference.

**II.**    <u>**CONCLUSION & ORDER**</u>

For the reasons set forth above,

**IT IS** on this 13th day of March, 2024

**ORDERED** that, based on the agreement of the parties, the Motions in Limine, (ECF Nos. 90, 92, 93, 94, 95, 96, 98), are **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the motions pending at ECF Nos. 90, 92, 93, 94, 95, 96, 98; and it is further

**ORDERED** that the parties are to confer and submit a stipulation to the Court at or before the start of trial regarding the Medicare rate for the future surgical procedure that Plaintiff may require; and it is further

**ORDERED** that the parties are to confer and submit a stipulation to the Court at or before the start of trial regarding the adverse inference to which Plaintiff is entitled.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE